You may proceed. 3-12-05 Stephen A. Cullinan, M.E.D. Appellee by Robert H. Brody v. Claudia E. Fehrenbacher Appellant by David Mellon. Mr. Miller? May it please the Court? It does. It is always a pleasure to appear and to argue before this Court, and particularly in what I would refer to as an interesting case. In this case, I feel that it is somewhat like the person who is standing on the tracks trying to tell the onrushing train that it shouldn't have left the roundhouse. We have here the interesting proposition of a case that is proceeding, as I submit, in derogation of the rule that says that there can be no legal malpractice case before all of the elements which are required for the claim are present, and that includes the essential element of actual damages. Actual damages in a legal malpractice case are identified and defined as a pecuniary injury to an intangible property right. They come and flow as a result of an injury to the client, which is both co-ed and fixed. Two cardinal rules apply which are of easy application. First of all, actual damages are the net damages, not the gross damages. By net damages, they are those losses that the client has actually sustained after netting out any recoveries by the client. Eastman v. Messner is the Supreme Court decision in which the Court said on a recovery by a plaintiff regarding injuries which were sustained but barred because of the statute of limitations that the lawyer is liable only for the net after subtracting out the amount of the workers' compensation lien because the plaintiff would not have recovered the gross amount in any event. And the same rule applies in the Bronstein v. Calchime where the issue was a tax assessment and the Court said there are no damages until the tax court decides that there has been an actual judgment for the tax liability and the same thing in the Hermitage v. Consolidation case where the issue was the mechanics lien and how much loss there was for the failure to properly file the imperfect mechanics lien and the Court said that loss is going to be measured as the net. Another cardinal aspect of actual damages is that the same rule applies that actual damages must be present whether you're dealing with the lawyer's representation in a transaction regarding which the client is aggrieved or in litigation whereby the client feels that he has lost. This Court has long held and recognized uniformly that there must be actual damages before a legal malpractice case can be filed or re-proceeded. In Farm Credit Bank v. Gamble 22 years ago, this Court held that the fact that the client claims that he would not have mortgaged his mother's farm following which he believes that he may be liable to the nephew who is to inherit the farm the claim was dismissed on the pleadings under a 2615 motion because the loss itself had not been sustained and the Court clearly held that there can be no legal malpractice case absent the existence of actual damages stating Gamble's speculation that Grier may at some point bring a cause of action against him is only speculation. Actions in legal malpractice must be based on damages incurred and cites to the Bronstein case. Therefore, because Gamble has not incurred damages at this juncture, we find that this foreclosure action is not the proper forum for Gamble's attempt to state a cause of action for legal malpractice. Now I'm a believer that the law is human engineering, forgotten of experience, and evolving public policy. In the area of transactional malpractice, the leading case is Lucy v. Pretzel and Stouffer. There, Pretzel and Stouffer was sued by the client who received advice from Pretzel and Stouffer that they believed that he could proceed to compete with his present employer. The present employer sued him. He sued Pretzel and Stouffer. The court said, wait a minute, you do not have actual damages until that case is resolved and resolved adversely to you. The court then went on to articulate four fundamental public policy principles which apply to this case and to each case where actual damages is an element. First of all, you don't want a multiplicity of suits if you can avoid them. You don't want there to be a legal malpractice case while the underlying case is still unresolved. Secondly, which is a corollary to the first, you don't want to have conflicting outcomes based upon somewhat the same facts. Third, you do not want to incur the cost and the time, both judicial time and attorney's time and costs of having duplicate cases when the attorney's case, the legal malpractice case, can be avoided potentially by awaiting the outcome of the underlying case. And fourth, you don't want to have a conflict in litigious strategies involving the two cases where one case flows over and affects the strategy in resolving the other case. And those four rules apply, and those four public policies are patent, whether the legal malpractice case arises because of the attorney's actual missions in litigation or because of the advice of the attorney. Fifth, I need to point out that those public policies and the principle of actual damages is directly contrary to the arguments that are made by counsel. Counsel argues that a legal malpractice case is no different than any other lawsuit involving a tort. That presupposes that there is tort on both sides, specifically that these are the lawyer and the persons who may be liable in the underlying case are concurrent tort feasors, therefore both cases can proceed at the same time or alternatively with the legal malpractice case proceeding ahead of the underlying case. As we have just pointed out, the legal malpractice case, because of the actual damages rule, is sequential. It cannot proceed and it cannot go in tandem with or at the same time as the underlying case because the element of actual damages is not present. They argue along the same lines that this arises out of the same injury. As we have seen, it does not arise out of the same injury because in a legal malpractice case, the cause of action is based upon a pecuniary injury to an intangible property interest, which by its very nature must antedate the pecuniary injury for which recovery is sought from the attorney. And the argument is also made that the attorney is really nothing more than a joint tort feasor along with the persons who are liable in the underlying case. Clearly, as the causes of action are sequential and not concurrent, the same applies vis-a-vis the argument that they are all joint tort feasors. But one additional thing as it relates to this case, we know from looking at the complaints in the underlying case which seek the identical damages, that those are based upon breach of fiduciary duties and responsibilities. And as we point out, the breach of the fiduciary responsibility or duty is a claim in the equity and derives from contract. The breaching party is not a tort feasor. This brings me to the nature of the underlying claims because the argument is made that they have sustained an actual injury despite the fact that there is no net loss because the underlying cases have not been concluded. The nature of the claims in the underlying case are set forth and juxtaposed with the claims in our case to show that they seek the same damages. There are breach of confidential relationship, breach of agent's duty. Both of those, the remedy is the imposition of a constructive trust, which means that there is and can be no loss. Under Winter v. Wray, the Supreme Court recognized the imposition of a constructive trust, and a constructive trust applies to the use of rights. In other words, the fruits of the benefit of keeping the assets so they provide for a total and complete recovery. The bottom line here is that given the nature of the underlying cases and the actual damages rule, if the underlying cases are tried and Cullinan prevails, then there will be no actual damages that could support a claim of any sort. We also point out that the same is probably true if Cullinan loses and certainly turns upon the basis of that loss, and we point out the joint asset agreement, which is a two-page agreement, which he signed as a post-graduate professional and which says I want to divide by property two-sevenths, five-sevenths. So if the underlying case of that agreement is enforced, then there isn't any basis for a legal malpractice claim there either. But the key here is that it is pure whole cause speculation to say that there is any actual loss here before the underlying cases are resolved. And the actual loss principle has been uniformly and consistently applied. I submit, as I did at the trial court level, that there are no cases which have allowed the legal malpractice case to be consolidated with, proceed at the same time, proceed ahead of, or be recognized as capable of proceeding before the underlying case resolves the issue. of whether or not there are, in fact, any actual damages. Right on the mark. Thank you. Good afternoon. My name is Robert Brody and I represent the plaintiff in this action, Stephen Cullinan. Counsel is right that a cause of action for legal malpractice cannot proceed unless the plaintiff has suffered actual damages. The plaintiff in this case has alleged and shown to the satisfaction of the trial judge, so the defendant's motion for summary judgment was denied, that the plaintiff has suffered actual damages here. Plaintiff has alleged that the defendants in this case failed to disclose material facts to him, failed to advise him of his rights, failed to advise him of the material contents and legal consequences of lengthy and complicated legal documents, and as a result, accounts containing millions of dollars of cash and securities that plaintiff once owned are no longer owned by him. And other assets worth millions of dollars that he owned a joint interest in are no longer owned by him. This is not a case where the plaintiff was injured before he walks into the lawyer's office and says, Mr. Lawyer, I would like you to help me recover from this third party who caused my injuries. That is the type of case primarily he is citing to. And in those sorts of cases, the courts have said, well, that case where the plaintiff is seeking to recover from the third party has to be concluded before you can sue the lawyer for malpractice in the handling of the case. This isn't like that. My client was not injured at the time he walked into the defendant's office. We have alleged that it was the defendant's actions directly which caused his injury, and his injury is the loss of these assets that he used to own and no longer owns. And the Supreme Court's recent decision in Schneider v. Heidelberger makes clear a client's loss of a joint interest constitutes a present injury that will support or will sustain a clause of action for attorney malpractice. Now, counsel did not go much into the facts of this case because the facts in the cases that he cites are far different than the facts in this case. What happened here was my client and his wife went to the defendants for estate planning. And my client and his wife both had former marriages. They both had children by former marriages. She had five children by her former marriage. My client had two children by his former marriage. They had no children together. And they had a taxable estate of approximately $50 million. So the defendants on their computer system had a form, conflict disclosure letter, to be given to estate planning married couples in this sort of situation. And the form letter informed, would have informed that married couple that, hey, your interests might not be the same. You both might have different ideas about what things should happen here. And if you each had your own lawyer, you would have a lawyer to give you independent legal advice and to advocate your interests. And if you continue with me jointly, I will be obligated to tell anything either one of you tells me to the other spouse. And then the form letter had a place on there for the husband and wife to sign off on if they wanted the lawyer to go forward. Now the defendants in this case did not give that letter to my clients. My client never signed any sort of waiver of the conflict in this situation and never formally agreed to a joint representation based on all of that information. So then what the evidence discloses, their firm has produced approximately 9,000 pages of documents in response to our discovery requests. Those documents contain thousands of emails from the defendants, mostly to my client's spouse. Only two of the emails are to my client. And they don't have anything to do with the estate planning that was going on. And early on, those emails disclosed that my client's wife told the defendants that we want the assets that we acquired during our marriage to go five-sevenths to my children and only two-sevenths to the plaintiff's children, my husband's children. And the lawyer responds, well how do I know which assets are those? And she says, well all the liquid assets are those, plus many of our houses are that way. And she told the defendants that my client only wanted his farm and his family business to go to his children. So a few days later, my client's wife, a former spouse, again emails the attorney and says, how can I be guaranteed this will happen, that five-sevenths will go to my children and only two-sevenths will go to my husband's children? I'm worried that after I'm gone and she had cancer, I'm worried after I'm gone that won't happen. Well, that's an obvious conflict for the lawyer. I mean, she's telling the lawyer, there's some disagreements here. I'm not sure he's going to do what I want him to do. And the defendants email her back and say, well, we'll put it all in a joint trust. You put the assets in and we'll make the joint trust so it cannot be modified while you're alive without your consent. And after you're gone, it can't be modified at all. So they spend 14 hours putting together a joint trust. The next day, my client and his wife were going to St. Louis. They anticipated she would have brain surgery for her cancer that day. There's a billing in the defendant's billing statements for one-half hour at a time where defendants come out, get this document, this joint trust document signed, bill a half hour, and the schedule for that commits $50 million of my client's property. Much of which he owned individually, much of which he had a joint interest in to be committed to this joint trust. He was never given a prior draft of this trust instrument. He was never given a copy of it after it was signed. And there were many other emails in response to their motion for summary judgment. We put together a 40-page brief going through these emails for the trial judge explaining the ways in which we believe they breached their duties to him. And in response to that, the trial judge denied their motion to summary judgment and found that there were material issues of fact with respect to their fiduciary duties to my client, the conflicts of interest, their failures to disclose material information to my client. And the trial court found that my client had presently sustained damages, i.e. the loss of this property that he used to own before he retained the lawyer and which he no longer owns. So the trial judge denied the motion for summary judgment. They then moved for a stay, and the trial judge denied that. And if you'll read our brief, it's very interesting. The trial judge, in denying the stay, was going to accommodate a lot of their concerns. In his oral ruling, he said, well, I'll stay the trial of this action until the other action is resolved. Then we'll know. And we put forth the transcript in our brief, and they say, no, we don't want that. We want everything to stay. The trial is not set. The trial is not set. But they waived their right to have the trial stay. And if the trial is going to continue, you have to prepare for the trial. They can't give up the offer to have the trial stay and then complain that the trial judge is allowing us to prepare for trial. So we think they waived it. But even if they didn't waive this entire issue, they have to show by clear and convincing evidence that a stay outweighs the potential harm to my client. And here, we've already lost two of the primary participants. Mike, the plaintiff's spouse, has passed away as a result of her cancer. The primary attorney for the defendant, Mr. Fehrenbacher, has passed away. So we're going to have to depose a lot of other people, put together what happened, depose other people in his office, his staff, his brother who was his partner. We're going to have to depose these people. He was emailing my clients. How close would you say the interrelationship is between the two different lawsuits as far as the factual basis? Are the factual basis interrelated? We acknowledge we are trying to recover the same losses in both lawsuits. So the legal claims are different. He had fiduciary duties to us because of a lawyer. We are claiming that the plaintiff's wife and her daughters reached certain duties that they had to the plaintiff as well. And basically, it's all the same transactions. So the actions are interrelated? They are. They are. We're seeking the same damages in both cases, yes. Which I think militates against the stay because the discovery overlaps. There's a lot of the discovery that could continue. I think that's something the trial judge considered in that a lot of the same people will be deposed, a lot of the same third parties will need to produce documents, which would be very inconvenient to go through all that now and then go through it again. If there had been a stay in one cause of action and not the other, would you be in a situation where you would be taking the deposition and some questions you could ask a particular witness, some questions you could not ask? I don't know. I mean, I think certainly if they were not there, if the defendant's attorneys were not there in a deposition, we would have to go ask those same questions again of the same witnesses. They would have to participate in those for us to be able to use those responses in this case later on. And I think that's part of it. So there would be a lot of duplicative discovery in that situation. But we believe there's really only one case you need to look at in order to determine whether we've sustained a present injury, and that is the Supreme Court's 2011 decision in Snyder v. Heidelberger. In that case, a husband and a wife went to a lawyer for estate planning. The parties wanted their marital home put into joint tenancy, so it would pass to the wife or pass to the survivor. The lawyer prepared the deed to put the property into joint tenancy. The husband signed it, and it was recorded in 1997. In 2007, the husband died. At that time, it was discovered that the husband didn't own the marital residence when he signed the deed back in 1997. He had previously put it in a land trust, and so the land trustee would have needed to sign the deed. And so the wife sues the lawyer and says, I don't own this property. I would have received it when my husband died if it had been put in joint tenancy. This deed you produced was a nullity, and under the land trust, the beneficial interest goes to my husband's son. And the trial court dismissed it and said it was barred by the statute of repose because the attorney's action was in 1997, and the husband died in 2007, so ten years had passed. And in that case, the plaintiff was saying, well, my injury didn't occur until my husband died. And in the statute of limitation and repose, there's an exception that if the attorney's work, if the injury does not occur until the death of a client, that the statutes begin to run on the death of the client. So the issue in Snyder was, was the wife injured in 1997 at the time the deed was prepared, or was she injured in 2007 when her husband died? And the Supreme Court says a joint tenancy is a present estate. It gives each joint owner a current right to the entire estate, and therefore, when that deed didn't get the job done, she lost an interest back in 1997. She was injured in 1997 when that deed didn't give her any interest. She thought she was getting the joint interest. Here, our client has been injured more tangentially than that, or in a more tangible fashion than that. He owned all kinds of accounts, all kinds of property. He owned joint interests in all kinds of property that were lost. She merely failed to obtain a joint interest. And that was, the Supreme Court found that was enough of a present interest to sustain the cause of action for attorney malpractice. So that case makes clear that not only do we have to sue now, not only can we sue now, we must. The statute is running. And that's their only basis for saying the trial judge should have stayed this action, is that we have no present damage. Well, Snyder says we do. The trial judge did not abuse his discretion. All the cases that they cite, and we go through them in our brief, most of them. He cites a few new ones in the reply brief, but they don't add anything. They're either cases that are a case within a case, which means the plaintiff was injured, he came to the lawyer to try to recover, and the lawyer messed up the case against the third party. And what they say is that case has to be completely resolved before we know you're not recovering anything. The other ones are where a lawyer has given advice, telling the client it's okay to do something, the client goes out, does it, and then gets sued. And in those cases, the courts have said, you're not damaged until that other case is finally resolved, because you may win it. And baseless lawsuits are filed every day. A lawyer can't guarantee you won't get sued, he can only guarantee you'll win. Thank you very much. And we believe the trial judge should get that. Thank you. Mr. Mueller? Yes. With all due regard, the counsel has missed the mark. We're not here arguing about the underlying facts. I have much to say regarding those facts, but that's not the point of this appeal. The point of this appeal is the actual damages rule, which says that there is no cause of action as long as there is the potential to recover the exact same damages for which recovery is sought from the attorney. In this case, as we have pointed out, there has been no actual loss, because if they are correct and prevail in the underlying case, it is a constructive trust, and they have received the assets held in the constructive trust for their benefit, together with the usufructs on those assets, the same as if they always had them. It would be much the same as if someone paid the debt of another and was then sued when there was a right of subrogation pending to recover the exact same amount. There is no loss. There are no actual damages until the loss occurs. If, as counsel would have it, we're going to simply throw everybody into the same hopper, then we are going to be saying that the torts, if they are in fact torts, are concurrent, and these cases can proceed together. Which, of course, they cannot. There is not one case that has the same causes of action going on at the same time. Whether it is transactional malpractice or whether it is litigious malpractice, the same rules apply. And I take offense at the argument of waiver. As an officer of the court and a student of the law, it is my job to bring to the attention of this court and of the trial court and of any other court what the law is, at least as I perceive it. And that being a bedrock, I am never to be placed in the position of a hobson's choice. Counsel, I'm not going to give you what you are entitled to, but I will give you something less and say to you, well, you had better take it. Don't accept something that is worse or less than what your client is entitled to based upon the law. That is not a principle, and it is not a rule in this case. And also, it is interesting, as I pointed out, if we will look at the pleadings in the underlying cases, they are saying that they are entitled to recover, that is, Cullinan is entitled to recover because of a confidential relationship between Cullinan and his wife, and also because she was acting as his agent, and if she were acting as his agent, and then assuming counsel's scenario that she employed Fehrenbacher, then Fehrenbacher was acting within the scope of his employment as the agent of Cullinan, who appointed his wife as his agent. So there are all kinds of issues that need to be worked through and that must be worked through in the underlying fiduciary breach cases before anybody can say that the plaintiff in this case has sustained any actual damages. And we submit that the actual damages rule exists. Snyder v. Heidelberger has nothing to do with a case where you have an underlying case wherein the same, exact same as counsel has acknowledged, damages are sought. We will be taking the matter under advisement and rendering a decision without any delay.